UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                  :

TRUSTEES OF THE NEW YORK CITY      :
DISTRICT COUNCIL OF CARPENTERS   :
PENSION FUND, et al.,                  :

                            :              26-CV-03331 (JAV)
             Petitioners,      :

                            :             __MEMORANDUM__
    -v-                  :      __OPINION AND ORDER__
                            :

RNT CONTRACTING INC.,        :

                            :
             Respondent.      :
                            :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On March 3, 2026, Arbitrator J.J. Pierson (the "Arbitrator") entered a final

arbitration award in favor of Petitioners and ordered RNT Contracting Inc.

("Respondent") to monetarily compensate Petitioners for violating its obligations

under the applicable collective bargaining agreement.  ECF No. 1-11 (the "Award"

or "Awd.") at 3.  The Arbitrator also ordered Respondent to cooperate in an audit of

its payroll records and related documents.  *Id.*  On April 22, 2026, Petitioners filed a

petition to confirm the arbitration award and enter judgment pursuant to Section

301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  ECF No. 1

("Petition" or "Pet.") at 1.  On April 24, 2026, the Court ordered Respondent to

submit its opposition to the Petition, if any, by June 5, 2026.  ECF No. 8.  Despite

being served with the relevant papers in this matter, ECF No. 9, Respondent has

failed to oppose the Petition to date, ECF No. 12.  For the following reasons, the

Court **GRANTS** the Petition and **CONFIRMS** the Award in its entirety.

## LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides the substantive law for the confirmation of arbitration awards.  9 U.S.C. § 9.  Under the FAA, courts grant an arbitrator's decision "great deference."  *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).  "[C]ourts are not authorized to review an arbitrator's decision on the merits even in the face of allegations . . . that the decision rests on factual errors or misinterprets the parties' agreement."  *N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11-CV-03015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (cleaned up).  "[A] reviewing court is bound by the arbitrator's factual findings, interpretation of the contract and suggested remedies."  *Loc. 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (citing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987)).  Instead, the Court's review is limited to determining if there are grounds for vacating the award under 9 U.S.C. § 10(a), and if the arbitrator is "arguably construing or applying the contract and acting within the scope of his authority."  *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Const. Corp.*, No. 11-CV-1715 (JMF), 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013) (quoting *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011)).  "[A] barely colorable justification for the outcome reached" by the arbitrators is all that is required to confirm an award on a timely

petition to confirm.  *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

The confirmation of an arbitration award normally is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citation omitted).  But the Court must nonetheless treat a petition to confirm an arbitration award "as akin to a motion for summary judgment based on the movant's submissions."  *Id.* at 109.

Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, even unopposed petitions to confirm awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law."  *Id.* (citation omitted).  Accordingly, where the non-movant has "fail[ed] to respond" to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  *Id.* at 109-10 (cleaned up).

## DISCUSSION

Applying these principles here, Petitioners have met their burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached."  *Id.* at 110 (citation omitted).  Nor is there any justification under Section 10(a) of the FAA for vacating

3

the Award.  Accordingly, the Court grants Petitioners' unopposed petition to confirm the arbitration award.

Petitioners allege that Respondent is bound by several agreements. Petitioners contend that on or about March 6, 2024, "Respondent executed a Project Labor Agreement Letter of Assent in connection with work performed on the New York City Housing Authority ('NYCHA') project known as 'State Phase II A Boiler Replacement & Hot Water Heater.'"  Pet., ¶ 9; *see* ECF No. 1-1 ( "LOA").  According to Petitioners, the LOA bound Respondent to the Project Labor Agreement Covering Specified Renovation and Rehabilitation of NYCHA Buildings and Structures ("PLA") for the period of January 1, 2024, through September 31, 2026.  Pet., ¶ 9; LOA; *see* ECF No. 1-2 ("PLA").  Petitioners also assert that the PLA bound Respondent to the Independent Building Construction Agreement (the "Collective Bargaining Agreement" or "CBA").  Pet., ¶ 13; *see* ECF No. 1-3 ("CBA").  Petitioners further maintain that the CBA bound Respondent to the documents, policies, and regulations adopted by Petitioners, including the Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy" or "Coll. Pol.").  Pet., ¶¶ 16-17; *see* ECF No. 1-8 ("Coll. Pol.").  The Collection Policy and other applicable documents provide for the resolution of disputes via arbitration.  Pet., ¶ 18; *see generally* CBA; Coll. Pol.

Petitioners allege that, pursuant to the CBA and the Collection Policy, Petitioners attempted to conduct an audit of Respondent for the period covering March 9, 2024, through the then-present date to verify that Respondent had

4

remitted all required contributions to Petitioners, but a dispute arose when Respondent failed to cooperate with the auditors. *Id.*, ¶¶ 26-27. After Respondent refused to cooperate, Petitioners conducted an estimated audit, which revealed that Respondent failed to "remit contributions to [Petitioners] in the principal amount of $154,945.44." *Id.*, ¶ 28. Considering Respondent's refusal to participate in the audit and Petitioners' discovery of delinquent contributions, Petitioners initiated arbitration against Respondent pursuant to the CBA and the Collection Policy. *Id.*, ¶ 29.

By a Notice of Hearing dated February 12, 2026, ECF No. 1-10, the Arbitrator scheduled a hearing for March 2, 2026, and the hearing proceeded as scheduled. Awd. at 1. Although Respondent failed to appear at the hearing and did not make any request to adjourn the hearing, Petitioners appeared and "submitted proof that Respondent Employer had sufficient legal notice of the proceeding." *Id.* at 2. Accordingly, the Arbitrator found Respondent to be in default and proceeded *ex parte* to accept the evidence Petitioners provided substantiating their claims. *Id.* The Arbitrator subsequently determined that Petitioners had presented "substantial and credible evidence" that Respondent was bound to and had violated the CBA by preventing Petitioners from examining, reviewing, and auditing relevant documents from March 9, 2024, to March 3, 2026. *Id.* The Arbitrator also found that Petitioners were "delinquent in remitting fringe benefit contributions to [Petitioners]." *Id.* The Arbitrator therefore concluded that, pursuant to the CBA and the Collection Policy, Respondent was liable for a total of $157,845.44, which

5

included the estimated principal deficiency of $154,945.44, attorneys' fees of $1500, court costs of $400, and arbitration costs of $1000. *Id.* at 3. In addition, the Arbitrator ordered Respondent to cooperate with Petitioners' audit and produce "financial records and any and all documents deemed relevant [by Petitioners] in determining . . . [Respondent's] compliance with remittance obligations." *Id.* Finally, the Arbitrator noted that Petitioners would also be liable for "post-hearing, pre-judgment interest" at the rate of 10.5% "from the date of the arbitration hearing to the date of payment," as well as interest on the delinquent contributions owed to Petitioners, associated liquidated damages, and all resulting court costs in the event that it is necessary for Petitioners to enforce the Award in court. *Id.* at 3-4.

After reviewing the motion and the supporting materials, the Court finds no issues of material fact that would preclude summary judgment as to all aspects of the Award, as the Arbitrator's decision provides more than a "a barely colorable justification for the outcome reached." *D.H. Blair & Co.*, 462 F.3d at 110. Nor is there any justification under Section 10(a) of the FAA for vacating the Award. Accordingly, the Court grants Petitioners' unopposed Petition to confirm the Award in all respects.

However, while the total amount awarded of $157,845.44 included the estimated delinquent principal, attorneys' fees, court costs, and arbitration costs, the Arbitrator noted that the liquidated damages and the interest on the delinquency were "to be determined." Awd. at 2-3. Accordingly, Petitioners assert that interest on the delinquent principal amounts to $15,064.29 and liquidated

damages amount to $30,080.09.  Pet., ¶ 38.  Because the Arbitrator concluded that

liquidated damages and interest on the delinquent principal pursuant to the Award

would be calculated "in accordance with the terms of the CBA and [the Collection

Policy]," Awd. at 2, liquidated damages amount to "20% of the amount of the unpaid

contributions," while "interest on the unpaid contributions [should be] determined

at the prime rate of Citibank plus 2%," CBA at 44.  *See Loc. 97, Int'l Bhd. of Elec.*

*Workers*, 196 F.3d at 124 ("[A] reviewing court is bound by the arbitrator's factual

findings, interpretation of the contract and suggested remedies." (citing *United*

*Paperworkers*, 484 U.S. at 37-38)).  According to the formula set by the CBA,

liquidated damages in this case amount to $30,989.09.[1]  The Court also accepts

Petitioners' calculations as to the accumulated interest on the delinquent principal

being $15,064.29.  *See* ECF No. 1-9 at 1-3.  Petitioners are thus entitled to

$203,898.82 pursuant to the Award.

Petitioners further request $1,317 for attorneys' fees arising out of this

action.[2]  ECF No. 10 at; *see* Pet. at 10.  "Ordinarily, attorney's fees cannot be

recovered in a federal action in the absence of statutory authority, and neither

Section 301 of the LMRA nor the Federal Arbitration Act provides for attorney's

---

[1] Twenty percent of the estimated principal deficiency of $154,945.44 is $30,989.09.
Petitioners correctly calculated this amount in one of their exhibits, ECF No. 1-9 at
1, which suggests that the amount of liquidated damages asserted in the Petition is
a typo.

[2] This $1317 figure breaks down into time billed for legal services performed by four
individuals: one attorney billed 0.3 hours at a $430 hourly rate, one attorney billed
1.9 hours at a $325 hourly rate, and two paralegals billed a total of 3.5 hours at a
$163 hourly rate.  ECF No. 10-1 at 1-3.

fees in actions to confirm an arbitration award." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12-CV-00005 (JMF), 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012). "A court may, however, exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith." *Id.* "In confirmation proceedings, the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (cleaned up). Here, under the CBA and the Collection Policy, Respondent agreed to resolve disputes such as the present one through arbitration, but without justification it failed to comply with the Arbitrator's Award or appear in the instant action. Accordingly, attorneys' fees are appropriate. Upon reviewing Petitioners' submissions of fees and costs, the Court finds them to be reasonable. *See N.Y.C. Dist. Council of Carpenters Pension Fund v. Quantum Constr.*, No. 06-CV-13150 (GEL) (JCF), 2008 WL 5159777, at *13 (S.D.N.Y. Dec. 9, 2008) (granting request for attorneys' fees for legal work performed by a partner at a $425 hourly rate, legal work performed by an associate at a $300 hourly rate, and legal work performed by paralegals at a $150 hourly rate in an ERISA delinquent-contribution case).

Petitioners also seek reimbursement of $831.25 for costs arising out of this action.[3] "Federal Rule of Civil Procedure 54 provides that, '[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise,

---

[3] This $831.25 figure breaks down into $405 for filing the Petition in federal court and $426.25 for fees related to service. *See* ECF No. 10-1 at 3-5.

costs . . . should be allowed to the prevailing party.'" *Koutsoudakis & Iakovou L. Grp., PLLC v. Osman*, No. 22-CV-6351 (ER) (SLC), 2024 WL 5284018, at *9 (S.D.N.Y. Dec. 20, 2024) (quoting Fed. R. Civ. P. 54(d)(1)), *report and recommendation adopted*, No. 22-CV-06351 (ER), 2025 WL 1184214 (S.D.N.Y. Apr. 23, 2025).  A requesting party, however, "must substantiate the request for costs," with extrinsic proof such as invoices or receipts.  *Guo v. Tommy's Sushi, Inc.*, No. 14-CV-3964 (PAE), 2016 WL 452319, at *3 (S.D.N.Y. Feb. 5, 2016).  While Petitioners have adequately substantiated their request for costs related to service fees, *see* ECF No. 10-1 at 4-5, the Award already compensates Petitioners $400 for court costs, Awd. at 3.  Accordingly, Petitioners are entitled to recover $431.25 in costs.

Finally, Petitioners seek prejudgment interest at the annual rate of 10.5% and post-judgment interest at the statutory rate.  "In the Second Circuit, there is 'a presumption in favor of pre-judgment interest' for arbitration awards."  *N.Y.C. & Vicinity Dist. Council of Carpenters v. Golden Dev. & Constr. Corp.*, No. 15-CV-4462 (KAM) (JO), 2016 WL 4523927, at *3 (E.D.N.Y. Aug. 22, 2016) (quoting *Waterside Ocean Nav. Co. v. Int'l Nav. Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984)).  The Arbitrator awarded post-award, pre-judgment interest at a 10.5% rate "commencing from the date of Arbitration to the date of payment."  Awd. at 3.  Although the "common practice among courts within the Second Circuit is to grant interest at a rate of nine percent per annum" considering that nine percent "is the rate of prejudgment interest under New York State law" and "the LMRA is silent with respect to

9

interest rate," *N.Y.C. Dist. Council of Carpenters v. Tried N True Interiors LLC*, No. 20-CV-00051 (LGS), 2020 WL 1809323, at \*4 (S.D.N.Y. Apr. 9, 2020), district courts have discretion to the determine the rate of pre-judgment interest when confirming an arbitration award pursuant to the LMRA, *Serv. Emps. Int'l Union, Loc. 32BJ, AFL-CIO v. Stone Park Assocs., LLC*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004). Courts have deferred to the pre-judgment interest rates set by arbitrators even when they slightly diverge from rate of prejudgment interest under New York State law, particularly in cases where there is "no reason to believe that Petitioners procured their award through fraud or dishonesty" and the record indicates that "the Arbitrator based . . . the amount of his award of principal, interest, liquidated damages, and various costs on relevant provisions in the agreements and on undisputed testimony." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Floor Expo, Ltd.*, No. 24-CV-6867 (GHW), 2025 WL 448646, at \*3 (S.D.N.Y. Feb. 7, 2025) (awarding pre-judgment interest at a rate of 10.5 percent per annum from the date of the award through the date of judgment). Considering that such circumstances are present here, the Court affirms the award of pre-judgment an annual rate of 10.5% from the date of the Award through the date of this Memorandum Opinion and Order.

The Court additionally grants Petitioners' request for post-judgment interest in accordance with 28 U.S.C. § 1961(a). Awards of post-judgment interest under Section 1961 are mandatory, *see Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113

10

(2d Cir. 2013), and apply to actions to confirm arbitration awards, *see Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004). The Court therefore awards interest to accrue at the statutory rate from the date judgment is entered until payment is made.

## CONCLUSION

Accordingly, the Petition is **GRANTED** and the March 3, 2026 Award is **CONFIRMED**. The Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent as follows:

1. Confirming the Award in all respects;

2. Respondent shall make its books and records (including its payroll records and related documents) available to Petitioners, pursuant to the CBA, within 30 days of this Memorandum Opinion and Order for purposes of an audit in compliance with the Award; and

3. Awarding Petitioners $203,898.82 pursuant to the Award; and

4. Awarding Petitioners $1317.00 in attorneys' fees and $431.25 in costs; and

5. Awarding Petitioners pre-judgment interest at the annual rate of 10.5%, accruing from March 2, 2026, to the date of this Memorandum Opinion and Order; and

6. Awarding Petitioners post-judgment interest at the statutory rate.

The Clerk of Court is further directed to terminate all pending motions and close the case.

SO ORDERED.

Dated:  July 1, 2026
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

11